UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE DORSEY, | ) | Case No. 1:20 CV 2774 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| LOWE'S HOME CENTERS, LLC, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Motion to Remand Case to State Court (ECF #7) and Defendant Lowe's Motion to Determine Fraudulent Joinder.(ECF #4). For the reasons that follow, Plaintiffs' motion to remand is denied and Defendant's Motion to Determine Fraudulent Joinder is granted.

**DISCUSSION**

Plaintiff Julie Dorsey filed this negligence action in the Court of Common Pleas for Cuyahoga County, Ohio against Defendants Lowe's Home Centers, LLC; Lowe's Home Centers, LLC Store No. 1023 at 24500 Miles Road in Bedford Heights, Ohio; Lowe's Home Centers, LLC Store No. 1023 at 24500 Miles Road in Bedford Heights, Ohio dba Lowe's of Bedford Heights (collectively "Lowe's") and Eric-Store Manager-Last Name Unknown Lowe's of Bedford Heights, Store No. 1023 ("Eric"). Ms. Dorsey alleges that on November 26, 2018, she was a business invitee of the Lowe's store in Bedford Heights and that while shopping, a merchandise rack was overloaded beyond its weight capacity and/or broke causing a pallet of tile, weighing approximately 130 pounds, to fall on her causing her physical injury and emotional distress.

Defendant Lowe's Home Centers, LLC removed the action to this Court on December 12,

2020, asserting that this Court has diversity jurisdiction over this action once the citizenship of Defendant Eric is disregarded.[1] Specifically, Lowe's alleges that individual Defendant Eric was fraudulently joined in this premises liability action in order to defeat federal jurisdiction.

Along with its Notice of Removal, Lowe's filed a Motion to Determine Fraudulent Joinder (ECF #4). In a Supplement to its Motion to Determine Fraudulent Joinder, Lowe's submitted the affidavit of Eric Purdy. (See ECF #6, Ex. 1) In his affidavit, Mr. Purdy states that he is currently the store manager of the Lowe's in Bedford Heights, Ohio and believes that he is therefore the person that Plaintiff has attempted to sue. (Id. at ¶3). However, at the time of the incident at issue, November 26, 2018, Mr. Purdy was not the store manager of the of the Lowe's in Bedford Heights. (Id. at ¶¶ 3-4). At that time, Mr. Purdy was the store manager of the Lowe's store in New Philadelphia, Ohio and did not work at, nor was he present at, the Bedford Heights Lowe's store on November 26, 2018. (Id. at ¶¶ 4, 6) Mr. Purdy assumed his duties as store manager at the Bedford Heights Lowe's on or around April, 2019. (Id. at ¶5). The store manager of the Bedford Heights Lowe's on November 26, 2018 was Henryco Crawford, who now works at Lowe's corporate headquarters and resides in North Carolina. (Id. ¶7)

## LAW AND ANALYSIS

A defendant seeking to remove an action from state court has the burden of demonstrating that the federal court has subject matter jurisdiction. *See Danca v. Private helath*

---

[1] Plaintiff is a resident of Ohio and Defendant Lowe's is a foreign corporation organized and registered under the laws of North Carolina where it has its principal place of business. Defendant Eric is presumed to be an Ohio resident. While the complaint alleges damages in excess of $25,000, Lowe's asserts that it has a good faith belief that the amount in controversy exceeds the jurisdictional amount of $75,000, exclusive of interest and costs. (See ECF #1, ¶¶ 4-7)

*Care Systems, Inc.*, 185 F.3d 1,4 (1st Cir. 1999). Moreover, courts strictly construe the removal statutes and all doubts are construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941), *Keller v. Honeywell Protective Services*, 742 F. Supp. 425, 426 (N. D. Ohio 1990).

In order for this Court to have diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), the matter in controversy must exceed the sum or value of $75,000 and be between citizens of different states. Moreover, the plaintiff's citizenship must be diverse from that of each named defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Here, while the citizenship of Plaintiff and Lowe's are diverse, defendant Eric, presumably an Ohio resident, destroys diversity jurisdiction.

The burden is on the Defendant to show fraudulent joinder, and, as with any dispute over removal, all doubts are to be resolved against removal. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against the non-diverse defendant under state law. The Sixth Circuit has instructed trial courts to analyze claims of fraudulent joinder as follows:

> [T]he removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact in favor of the non-removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Here, Plaintiff alleges that Eric was the store manager of the Bedford Heights Lowe's on November 26, 2018 and is liable for her injuries because he allowed a hidden condition to exist on the premises, failed to properly repair a shelf, failed to inspect the store for defective displays and failed to supervise employees. (Complaint, ¶¶ 1-4) However, as Mr. Purdy's affidavit makes clear, he was not the manager of the Bedford Heights store on November 26, 2018, and thus played no part in the allegations giving rise to the complaint and had no duties with respect to the Bedford Heights store on November 26, 2018. As such, Plaintiff cannot establish a claim against Mr. Purdy arising out of her injuries sustained on November 26, 2018.[2]

Lowe's has met its burden to provide evidence showing that Plaintiff cannot establish a claim against Eric by proving that the Bedford Heights store manager at the time of Plaintiff's injury was Henryco Crawford. The current manager of the Bedford Heights store, Eric Purdy, was not the manager of the store at the time of Plaintiff's injury and had no responsibilities for the Bedford Heights store until he became manager of the store in April 2019. Accordingly, defendant Eric is dismissed. Because there is complete diversity between Plaintiff and Lowe's, and Plaintiff does not dispute that the amount in controversy exceeds $75,000, this Court has federal jurisdiction pursuant to 28 U.S.C. § 1332.[3]

---

[2] Plaintiff recognized in her Motion to Remand that this Court would have diversity jurisdiction and defendant store manager Eric would be disregarded if Defendants were willing to stipulate that at the time of Plaintiff's injury, there was no manager at the Bedford Heights store named Eric, or in the alternative, if Eric is a resident of a state other than Ohio. (ECF #7 at 4)

[3] Even if Plaintiff were to amend her complaint to add the Bedford Heights store manager at the time of her injury as a defendant, Mr. Crawford is a resident of North Carolina and would not destroy diversity.

4

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (ECF #7) is denied and Defendant Lowe's Motion to Determine Fraudulent Joinder (ECF #4) is granted.

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED January 13, 2021